CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 6 2020

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FELIX ROCHE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18-cv-00325 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN BRECKON, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Felix Roche, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. This matter is before the court on respondent's motion to dismiss or, in the alternative, for summary judgment. After reviewing the record, the court concludes that respondent's motion must be granted.

### I.

Roche is in the custody of the Warden of United States Penitentiary ("USP") Lee. He is serving three concurrent terms of life in prison for racketeering and drug crimes.

Roche appealed his convictions and sentences. On April 9, 1998, the Court of Appeals for the Third Circuit affirmed affirmed the judgment.

Roche thereafter filed three motions to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, in 1999, 2001, and 2011. The district court denied the first on December 7, 1999. Roche appealed, and the Third Circuit affirmed the denial. The second was dismissed on April 23, 2002, presumably as a second or successive § 2255 motion. The Third Circuit subsequently denied Roche's application to file a second or successive motion

1

to vacate pursuant to § 2255. On November 16, 2012, the district court denied Roche's third motion to vacate. Roche has also filed a motion to correct illegal sentences in the District of New Jersey, which remains pending.

In addition to his filings in the District of New Jersey and the Third Circuit, Roche filed a previous petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this court in 2005. The court found that Roche had not demonstrated entitlement to relief under § 2241 and, therefore, construed and dismissed the petition without prejudice as a second or successive motion to vacate under § 2255. The Fourth Circuit affirmed the dismissal on February 22, 2006, and subsequently denied Roche's petition for rehearing en banc.[1]

Roche filed the current petition on July 10, 2018. Respondent thereafter sought and received a stay from this court pending the Supreme Court's decision as to whether to grant the petition for certiorari in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). While the stay was pending, Roche filed a motion to amend the original petition. The court denied the motion without prejudice to being refiled after was stay was lifted. After the stay was lifted, Roche again filed a motion to amend the petition, which the court granted. Respondent filed a motion to dismiss or, in the alternative, for summary judgment. Roche then filed a response in opposition to the motion to dismiss. Roche has also filed a motion for summary judgment.

---

[1] It appears that Roche attempted to file a petition under § 2241 in the District of New Jersey, along with his brother, a co-defendant, in 2010. Roche was terminated from the case immediately. At the time he was incarcerated at USP Lee.

2

Roche raises three claims in the instant petition, as amended.[2] First, he argues that the trial court lacked jurisdiction over the "racketeering murder" charge because murder is a state crime. Second, Roche avers that he was never federally indicted, or convicted, for any federal or state murder offense, but is being detained for the conduct of murder based on the most analogous federal statute. Third, Roche challenges the erroneous jury instruction on aiding and abetting which resulted in an illegal detention, conviction, and sentence.

## II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain

---

[2] Roche's "amended complaint" consists of further argument in support of the original petition, but does not encompass that entire document. Accordingly, the court refers to the two filings separately.

3

relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

In Wheeler, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[4] for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429; see also Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018) (applying Wheeler); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (reaching same conclusion with respect to challenges to convictions and setting forth similar factors). The Wheeler court also affirmed

---

[3] The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[4] Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

that the requirements of the savings clause are jurisdictional. 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. Id. at 426–29. Although the court must apply the procedural standard in Wheeler, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must look to the substantive law of the circuit where a defendant was convicted." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268-JLK, 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Roche cannot meet Wheeler's requirements for use of § 2255's savings clause.

Roche first challenges his detention for the murder of a police informant named Eric Coleman, a state law crime over which he argues the federal court lacked jurisdiction. Pet. at 14-15; Am. Pet. at 2, 8-10.[5] He raises a number of arguments in support of this claim, all of which are problematic.[6]

Section 28 U.S.C. § 2255 2255 plainly states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[5] Page citations refer to the pagination generated by the court's electronic filing system ("ECF").

[6] Roche asserts that the government mischaracterized his jurisdictional challenge. Resp. at 1. He states that he did not argue that federal law cannot incorporate a state law. Id. Rather, he continues, the court lacked jurisdiction over the state murder because "certain procedures was [sic] not properly taken to retain federal jurisdiction for the New Jersey state murder." Id. (underlining omitted). Either way, it is clear that Roche is making a jurisdictional argument.

5

28 U.S.C. § 2255(a). Thus, the statute plainly contemplates that challenges to the court's jurisdiction should be raised pursuant to § 2255 in the sentencing court. See id.; see also Williams v. United States, 283 F.2d 59, 60 (10th Cir. 1960) ("Lack of jurisdiction is a specific ground for relief under § 2255 and may be adequately and effectively tested by that procedure."). The court reiterates that lack of success under § 2255, or procedurally inability to utilize that provision, does not render § 2255 "inadequate or ineffective." Vial, 115 F.3d at 1194 n.5

Moreover, Roche's contentions are are clearly constitutional arguments. For example, he states: "Article I, Sec. 8, Cl. 17, clearly states the enumerations of offenses delegated to the government before they can take seat and regulate. Within this clause there's no crimes [sic] of murder . . . ." Pet. at 14. Further, "§1962 creates an impermissible interference with state sovereignty, as murder within the Jurisdiction belonging to the States, is not one of the enumerate[d] government powers to regulate under 18 U.S.C. §1962 or Article I, Sec. 8, Cl. 3 and Cl. 17." Id. at 15; see also Resp. at 2 ("It goes without saying that preventing and dealing with crime is much more the business of the State than it is of the federal Government."). In the petition, as amended, Roche asserts that that he "is now serving a Life Sentence due to the conduct of the murder. It is this life sentence that is in question, and the warden who's illegally carrying out this punishment which is cruel and unusual punishment, thats [sic] violating Mr. Felix Roche Constitutional Right." Am. Pet. at 2.

Constitutional arguments have no place within Wheeler's framework. See Wheeler, 886 F.3d at 429 (describing first and second requirements as: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2)

subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review . . ."); see also Jones, 226 F.3d at 333-34 ("(1) at the time of conviction, settled law of this circuit of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."). Wheeler and Jones both involved statutory, not constitutional, decisions. See Wheeler, 886 F.3d at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because Simmons[7] was a statutory decision . . ."); id. at 426-27 ("Unable to file a second or successive § 2255 motion because Bailey[8] was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the savings clause portal." (citing Jones, 226 F.3d at 329-30); see also Lester, 909 F.3d at 712 (noting that petitioner could not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was a "decision of statutory interpretation, not constitutional law"). Here, by contrast, Roche is raising constitutional, not statutory, questions. Therefore, he cannot meet Wheeler's requirements for use of the savings clause and § 2241. See Cook v. Warden, USP Lee County, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21 2019) (noting that all four Wheeler requirements must be satisfied, and petitioner failed to satisfy one of the four);

---

[7] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

[8] Bailey v. United States, 516 U.S. 137 (1995).

7

see also Resp. at 3 ("Roche agree[s] that he has not demonstrated a change of law in ground one.").

Roche next argues that he is being detained for conduct for which he was neither indicted nor found guilty by the jury, specifically the murder of Eric Coleman in the State of New Jersey. Pet. at 16. He alleges that the sentence imposed under the United States Sentencing Guidelines ("USSG") is unconstitutional, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Alleyne v. United States, 570 U.S. 99 (2013), and United States v. Booker, 543 U.S. 220 (2005). Id. at 16-17; Am. Pet. at 2-4. Roche avers that he also challenges the enhancements to his sentence based on his 21 U.S.C. §§ 841 and 846 narcotics offenses. Id. at 18-19. According to Roche, the drug amount was not submitted to the jury and found beyond a reasonable doubt. Id. at 19; see generally Am. Pet.

Again, Roche's arguments are problematic. First, he has previously presented at least part of his second claim to this court in his 2005 § 2241 petition. See Roche v. Bledsoe, No. 7:05-cv-00501-JCT, slip op. at 2 (W.D. Va. Sept. 13, 2005) (Memorandum Opinion dismissing § 2241 petition without prejudice) (rejecting argument that Roche's concurrent life sentences were unconstitutional because the jury did not find all relevant sentencing facts, as required by recent Supreme Court precedent (citing Booker, 543 U.S. 220; Blakely v. Washington, 542 U.S. 296 (2004))). The court found that:

> The types of claims Roche now raises could have been raised and addressed in his previously filed § 2255 motion to test the legality of his confinement. Moreover, Roche does not point to any recent change of substantive law, and the court is unaware of any such precedent, making it illegal to engage in a racketeering conspiracy to traffic in heroin[].

Id.; see also Hill v. Warden of Lee County, U.S.P., No. 7:18-cv-00166-EKD, 2020 WL 908125, at *1, 6 (W.D. Va. Feb. 25, 2020) (dismissing habeas petition under § 2241 for lack of subject matter jurisdiction in part because petitioner had raised same arguments in previous petitions); cf. Queen v. O'Brien, No. 7:09-cv-00173-JLK, 2009 WL 4110302, at *3 (W.D. Va. Nov. 25, 2009) (dismissing habeas petition as abuse of the writ because petitioner's "claims already have been adjudicated in petitioner's prior petitions or because the claims are based on a factual predicate known to petitioner at the time he filed previous petitions.").

Moreover, the cases on which Roche relies, Apprendi, Alleyne, and Booker, Pet. at 17, have not been held to be retroactively applicable to cases on collateral review, see United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019) (noting that "the Supreme Court never made the procedural rules in Alleyne and Booker retroactive"); United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (agreeing with other courts that "Apprendi does not apply retroactively to cases on collateral review"); Hyles v. Breckon, No. 7:18-cv-00183-NKM, 2018 WL 3765375, at *4 W.D. Va. Aug. 8, 2018) ("Alleyne and Apprendi are not retroactively applicable on collateral review."). Therefore, Roche cannot meet Wheeler's second requirement. See 886 F.3d at 429; see also Robinson v. Warden of Lee County U.S.P., No. 7:19-cv-00205-JPJ, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("Robinson fails to show that his sentence now constitutes an error sufficiently grave to be deemed a fundamental defect in light of particular, post-§ 2255 changes in substantive law that have been found to apply retroactively in a collateral proceeding." (quoting Wheeler, 886 F.3d at 429)).

In addition, Roche is, again, making constitutional arguments. See Pet. at 16 (arguing that his "sentence that was authorized by the USSG . . . has now been rendered

9

unconstitutional"); id. (stating that the murder offense unconstitutionally increased his sentence, violating his rights under the Fifth and Sixth Amendments); id. at 17 (stating that he was denied his right to have his case presented to, and be indicted by, a grand jury, in violation of the Fifth Amendment); Am. Pet. at 2, 10 (claiming violations of the Eighth Amendment's ban on cruel and unusual punishment); id. at 3 (referencing "separation of powers"); id. at 3, 6 (claiming violation of the Due Process Clause); id. at 6 (raising constitutional avoidance doctrine and suspension clause; id. at 6, 9 (claiming violation of his Fifth and Sixth Amendment rights). As discussed above, see discussion Part II supra at 6-7, Wheeler is not the proper vehicle for constitutional challenges, see 886 F.3d at 829.

Lastly, Roche contends that the jury was erroneously instructed on aiding and abetting. Pet. at 20. He avers that he is "actually innocent" of the aiding and abetting charge based on the Supreme Court's decision in Rosemond v. United States. 572 U.S. 65 (2014). Id. The government responds that the jury instruction was not defective under Rosemond because "Rosemond is irrelevant to the racketeering and drug conspiracy convictions at issue here." Mem. in Support of Mot. to Dismiss at 9. Roche disagrees. Resp. at 15.

In Rosemond, the Supreme Court stated that:

> A federal criminal statute, § 924(c) of Title 18, prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. In this case, we consider what the Government must show when it accuses a defendant of aiding or abetting that offense. We hold that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. We also conclude that the jury instructions given below were erroneous because they failed to require that the defendant knew in advance that one of his cohorts would be armed.

572 U.S. at 67.[9] Roche argues that the jury instructions in his case allowed him to be convicted of aiding and abetting without proving beyond a reasonable doubt that he had advance knowledge of the criminal activity being committed. Pet. at 20-21.

In terms of Wheeler, Roche argues that:

> At the time, petitioner(s) [sic] conviction was affirmed and the 3rd circuit settle[d] law foreclosed this challenge in United States v. Pungitore, that prevented the challenge to to the legality to the legality of petitioner's conviction and sentence. After petitioner's direct appeal and first §2255 motion, the Supreme court decided Rosemond v. United States that was unavailable at the time, making a substantive change in law that made conduct of which petitioner was convicted and sentence not criminal. Lastly, petitioner cannot satisfy the gate-keeping provision of §2255 because Rosemond is a substantive statutory interpretation of federal law. . . .

Pet. at 20. The government does not appear to dispute Roche's argument that at the time of his sentencing, direct appeal, and first § 2255 motion settled law rendered his aiding and abetting conviction—and the jury instructions relating thereto—legal. See Pet. at 20 (citing Pungitore, 910 F.2d 1084, 1132-33 (3rd Cir. 1990)); Mem. in Support of Mot. to Dismiss at 5-6; see also Wheeler, 886 F.3d at 429. Therefore, Wheeler's first requirement is satisfied. See 886 F.3d at 429.

Roche, however, cannot satisfy Wheeler's second requirement. Other than Rosemond, Roche provides no evidence—and the court is aware of none—that, subsequent to his sentencing, appeal, and first motion to vacate, the law changed to render the conduct of which Roche was convicted, racketeering conspiracy, racketeering, and conspiracy to distribute and

---

[9] "The federal aiding and abetting statute, 18 U.S.C. § 2, states that a person who furthers—more specifically, who aids, abets, counsels, commands, induces or procures —the commission of a federal offense is punishable as a principal." Rosemond, 572 U.S. at 70 (quoting 18 U.S.C. § 2).

11

possess with intent to distribute, a controlled substance, illegal. See Pet. at 20; see also Wheeler, 886 F.3d at 429.

Roche's reliance on Rosemond is misplaced. Contrary to Roche's assertion, the Supreme Court in Rosemond did not limit the aiding and abetting statute in general by requiring the government to prove advance knowledge of the crime which was to take place. Pet. at 21; see also Resp. at 15. Rather, the Supreme Court interpreted the aiding and abetting statute in the context of a prosecution for a § 924(c) offense. Rosemond, 572 U.S. at 71 ("The questions that the parties dispute, and we here address, concern how those two requirements—affirmative act and intent—apply in a prosecution for aiding and abetting a § 924(c) offense. These questions arise from the compound nature of that provision."). Roche was neither charged with nor convicted of violating § 924(c). Therefore, Rosemond is inapplicable to Roche's aiding and abetting conviction, and Wheeler does not permit him to challenge that conviction by way of the savings clause and § 2241.[10]

Accordingly, the court concludes that subject matter jurisdiction over the petition is lacking, see Wheeler, 886 F.3d at 423, and the petition must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### III.

In addition to his § 2241 petition, Roche has filed a motion for summary judgment. However, because the court lacks jurisdiction over the petition, it may not address the motion

---

[10] Based on its holding that Rosemond did not change the substantive law regarding aiding and abetting in general, it need not address whether Rosemond should be applied retroactively. See Mem. in Support of Mot. to Dismiss at 6-7 (noting circuit split on question of retroactivity and citing cases).

12

for summary judgment. See Swindle v. Hudgins, No. 5:19-cv-300-JPB, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." (citing Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam))). Therefore, the court must deny the motion.

## IV.

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Roche's petition and amended petition. Accordingly, the court will grant respondent's motion to dismiss or, in the alternative, motion for summary judgment, and dismiss the petition, as amended, without prejudice. An appropriate order will issue this day. The motion for summary judgment will be denied.

**ENTER:** This 5th day of March, 2020.

/s/ Michael F. Urbanski
_____
Michael F. Urbanski
Chief United States District Judge